## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALVIN MERRITTE, | ) | |
| #R-53322, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00794-JPG |
| | ) | |
| BILLY ROLLA, DANA PRUSACKI, | ) | |
| THOMAS SPILLER, S. A. GODINEZ, | ) | |
| DONALD STOLWORTHY, | ) | |
| GLADYSE C. TAYLOR, C/O JOHNSON, | ) | |
| C/O B. JOHNSON, RANDY STEVENSON, | ) | |
| COUNSELOR RAY, JACKIE MILLER, | ) | |
| KEVIN HORTON, C/O JENKINS, | ) | |
| MARC HODGE, STEVEN DUNCAN, | ) | |
| and UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Calvin Merritte, a prisoner who is currently incarcerated at Pinckneyville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 and Illinois state law (Doc. 1). In the complaint, Plaintiff claims that he has been denied access to the courts since 2013 at Lawrence Correctional Center ("Lawrence"), Pinckneyville Correctional Center ("Pinckneyville"), and "other" prisons in the Illinois Department of Corrections ("IDOC"). Plaintiff now sues four known and numerous unknown Pinckneyville officials,[1] seven Lawrence officials,[2] and four supervisory officials[3] for violating his rights under

---

[1] These defendants include Thomas Spiller and his successors (head warden), Billy Rolla (law librarian), Dana Prusacki (law librarian), C/O B. Johnson (correctional officer), and various unknown officials (correctional officers, counselors, and grievance officers).
[2] These defendants include Marc Hodge (warden), Steven Duncan (warden), Randy Stevenson (clinical service supervisor), Counselor Ray (counselor), Kevin Horton (counselor), C/O Johnson (correctional officer), and C/O Jenkins (correctional officer).

the First, Sixth, and Fourteenth Amendments.  He seeks monetary damages and injunctive relief (Doc. 1-1, p. 6).

Plaintiff previously raised a claim for the denial of his access to the courts in *Merritte v. Ingram,* Case No. 15-cv-00254-SMY (S.D. Ill. 2014) (Doc. 10, pp. 3-4) ("Count 7") (hereinafter "*Ingram*").  That action is currently pending in this District before Honorable Staci M. Yandle.  The Court dismissed the original complaint on April 2, 2015 ("dismissal order"), after finding that Plaintiff improperly joined seven claims against seventy-two IDOC officials at seven different prisons for conduct spanning six years.  The dismissal of the complaint was without prejudice and with leave to file an amended complaint focusing on one claim (or more if proper for joinder under Federal Rule of Civil Procedure 18(a) and *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).  Plaintiff was instructed to bring his other claims in separate actions.  He filed an amended complaint (Doc. 13) in *Ingram* that excludes reference to his access to courts claim.

Plaintiff has separately pursued the claim in this action.  However, the complaint presents many of the same problems that were noted by Judge Yandle in the dismissal order entered in *Ingram* on April 2, 2015.  For the reasons set forth below, the complaint shall be dismissed without prejudice, and Plaintiff shall be given an opportunity to file an amended complaint that addresses these issues.

## Merits Review Pursuant to 28 U.S.C. § 1915A

The complaint is now before this Court for preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may

---

[3] These defendants include S. A. Godinez, Donald Stolworthy, and Gladyse Taylor (former or current IDOC directors), as well as Jackie Miller (administrative review board member).

be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).  Before the Court can fully analyze Plaintiff's claims under § 1915A, it will be necessary for him to file an amended complaint that addresses several obvious problems with the pleading.

## The Complaint

Plaintiff claims that he has been denied access to the courts by officials at Lawrence, Pinckneyville, and "other" prisons since 2013 (Doc. 1, p. 2).  With the exception of supervisory officials in the IDOC, Plaintiff only names officials at Lawrence and Pinckneyville as defendants in this action (Doc. 1, pp. 1-4).  However, his allegations focus on denials at Lawrence, Pinckneyville, *and* Stateville.  In his statement of claim, Plaintiff identifies two prison officials who denied him access to the courts at Stateville, i.e., Officer Jenkins (who is identified as a Lawrence official in the list of defendants) and Officer Barnes (who is not identified as a defendant at all in the case caption or list of defendants).

At these three facilities, Plaintiff complains about the: (1) denial of access to the law library (both general population and satellite branches); (2) denial of access to his excess legal boxes; (3) denial of phone access; (4) denial of access to his writing supplies (pens, pencils, paper, etc.); (5) delays in incoming and outgoing mail; (6) interference with attendance at court hearing(s); and (7) interference with the grievance process.

## Discussion

Plaintiff's complaint violates Rules 8, 10, 18, and 20 of the Federal Rules of Civil Procedure.  The Court will discuss the violations below.  If he intends to pursue his claims further, Plaintiff will need to file an amended complaint that cures the defects with his original complaint.

1.      **Violations of Rules 8 and 10**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a).  The short and plain statement under this rule does not need to include "'detailed factual allegations' but must have 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, the pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Federal Rule of Civil Procedure 10 requires a plaintiff to "state his claims in separate numbered paragraphs, 'each limited as far as practicable to a single set of circumstances,' and also requires that 'each claim founded on a separate transaction or occurrence' be 'stated in a separate count' if 'doing so would promote clarity.'"  *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); FED. R. CIV. P. 10.  The pleading should "give defendants fair notice of the claims against them and the grounds for supporting the claims."  *Id.* (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555).

The complaint violates both Rules 8 and 10.  The Court is unable to discern who did what to violate Plaintiff's constitutional rights, when each violation occurred, or where his rights were violated.  Plaintiff names officials at Lawrence and Pinckneyville as defendants in the case caption and in the list of defendants.  However, he vaguely refers to constitutional deprivations at "other Illinois Department of Corrections ("IDOC") prisons in the district" as well (Doc. 1, p. 2).

The statement of claim addresses the conduct of Lawrence and Pinckneyville officials. However, it also addresses the conduct of two prison officials at Stateville in detail. Plaintiff identifies these officials in his statement of claim as Officers Jenkins and Barnes. Oddly, Plaintiff identifies Officer Jenkins in his list of defendants as a *Lawrence* official, not a Stateville official.  He does not mention Officer Barnes in the list of defendants at all. And because Plaintiff devotes a significant portion of his statement of claim to the conduct of these officers at Stateville, the Court is left to guess whether Plaintiff intended to sue them for events arising at Stateville or another prison.

Similarly, he names Officer Johnson and Officer B. Johnson as defendants.  It is unclear whether these defendants are the same individual.  Plaintiff identifies "C/O Johnson" as a Pinckneyville official *and* a Lawrence official (Doc. 1, p. 3) in his list of defendants.   It is therefore unclear who violated his rights, when his rights were violated, and where these violations occurred.

Plaintiff's organization of the complaint adds to the confusion.  He purports to bring a single claim based on the denial of his access to the Courts.  However, he divides this claim into at least seven subparts.  Within each of these subparts, Plaintiff jumps back and forth in time and space, describing conduct at three different institutions that occurred during the past three years. The Court is left to guess what happened at each institution and when.  This, combined with the ambiguous references to the defendants, renders the complaint too confusing to fully evaluate at this time.

## 2.    Improper Joinder Under Rules 18 and 20

The complaint also violates the rules of joinder.  *See* FED. R. CIV. P. 18, 20.  Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an

opposing party." FED. R. CIV. P. 18(a).  Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A), (B).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d 605, 607 (7th Cir. 2007).

Severance is authorized under Federal Rule of Civil Procedure 21, when multiple claims are "discrete and separate." *Rice v. Sunrise Express*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also George*, 507 F.3d at 607.  This occurs when one claim is capable of resolution despite the outcome of the other claim.  *Id.*; *see also Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006).  In *George*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act ("PLRA").  *Id.* at 607 (citing 28 U.S.C. § 1915(b), (g)).  Otherwise, prisoners could easily sidestep the requirements of the PLRA, particularly the provisions regarding filing fees.  *See id*.

In the complaint, Plaintiff sues two, or possibly three, distinct groups of defendants. He names Lawrence officials and Pinckneyville officials as defendants in the case caption and the list of parties.  However, his allegations address deprivations at three institutions, i.e., Lawrence, Pinckneyville, *and* Stateville.  These deprivations occurred at different times and, according to the allegations, were not part of the same transaction or occurrence.  Under the

circumstances, severance of the action into three separate lawsuits against officials at different institutions *may* be appropriate.

The Court uses the term "may" because it is not clear at this point whether these claims are severable.  Plaintiff has attempted to provide a common link between his claims by labeling them all "access to courts claims" and by naming supervisory officials within the IDOC in connection with the claims.  However, he does not allege that the supervisory officials engaged in any sort of conspiracy with the lower-ranking officials at these three institutions to deprive him of access to the courts.

Instead, Plaintiff alleges that these supervisory officials created a custom, policy, or practice of denying prisoners access to the courts.  But the complaint offers little more than conclusory allegations in support of this assertion.  Plaintiff does not explain what policy, custom, or practice at the supervisory level led to the deprivation of his rights.  He describes no incident in which any of the supervisory officials were personally involved in denying him access to the courts.  These bald and conclusory allegations do not support a claim against the supervisory defendants, let alone provide a common thread that ties these separate claims together.  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (holding that the doctrine of *respondeat superior* is not applicable to Section 1983 actions).  Without more, Plaintiff cannot proceed against the supervisory officials.  Moreover, severance of Plaintiff's claims into separate suits against officials at different institutions appears to be appropriate.

### First Amended Complaint

Under the circumstances, the complaint shall be dismissed.  *See Stanard*, 658 F.3d at 797-98 (unintelligibility and disorganization justify rejecting a complaint).  However, the

dismissal shall be without prejudice.  Plaintiff shall be granted leave to file an amended complaint.

In order to address the violations of Rules 8 and 10, Plaintiff should be careful to list those defendants he intends to sue in the case caption, the list of defendants, and the statement of claim in his amended complaint.  Plaintiff is encouraged to use the same name when referring to each defendant throughout the complaint.  He should carefully and consistently identify the prison where each defendant was employed at the time his rights were violated.

The Court strongly recommends that Plaintiff describe the conduct giving rise to his claims in chronological order.  If he includes conduct at more than one prison, he should divide the statement of claim into separate sections by prison.  If Plaintiff transferred in and out of institutions where multiple violations occurred over the course of different times periods, Plaintiff should begin his statement of claim with a brief summary detailing where he was housed during all relevant time periods (e.g., Plaintiff was housed at Stateville from November 2013 until January 2014; Lawrence from February 2014 until February 2015; Stateville from March 2015 until April 2015; and Pinckneyville from May 2015 to the present).  This summary will assist the Court in understanding where and when each violation of his constitutional rights occurred.

In order to address the improper joinder of his claims under Rules 18 and 20, Plaintiff has three options.  First, if he believes that the claims are properly joined, Plaintiff may assert them together in his amended complaint, but he must include sufficient allegations to demonstrate that the claims are related.  If the Court disagrees with his assessment and concludes that they are unrelated, it will sever the claims, open new cases, and impose separate filing fees for each.

Second, Plaintiff may elect to proceed with only one set of claims by drafting an amended complaint that focuses on one set of claims and omits all unrelated claims.   If Plaintiff chooses this path, he will incur only one filing fee, assuming that his first set of claims all relate to one another.   The other set of claims would be considered abandoned by omission in this action.   *See Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. June 2, 2015) (amendment of complaint is a proper method for "adding or dropping parties and claims" when they are misjoined).

Plaintiff might wonder what happens to the abandoned claims in this second scenario. These claims are not lost forever, by virtue of his choice to "abandon" them in this action. Rather, they are considered dismissed *without prejudice* from this action.   This means that Plaintiff is free to file a separate action in order to pursue the "abandoned" claims.   When doing so, he must remain mindful of the applicable **statute of limitations**, which "for [Section] 1983 actions in Illinois is **two years**."   *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).   A new complaint filed in a separate action will not relate back to the original complaint that he filed in this action for statute of limitations purposes.

Plaintiff's third option would be to re-plead both sets of claims in his amended complaint and let the Court decide how to divide them into one or more additional cases.   If he chooses this route, Plaintiff must file an amended complaint setting forth each set of claims in separate sections, entitled "Claims Arising at Stateville," "Claims Arising at Lawrence," and "Claims Arising at Pinckneyville."   In each section, Plaintiff must set forth, in numbered paragraphs, what each defendant did to violate his rights.   *See* Fed. R. Civ. P. 10.   He should be careful to state exactly when, where, and by whom his rights were violated.   To the extent

possible, Plaintiff should also include the factual allegations in chronological order.  At the conclusion of each section, he must set forth his request for relief, as it relates to that section.

If Plaintiff chooses this latter route, the Court will exercise its inherent authority under Rule 21 to sever claims against different defendants into separate actions.  *See* FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim. . . .").  The Court will then open one or more additional cases for each of the severed claims.  A separate filing fee will be assessed in each new action, and Plaintiff will be obligated to pay the filing fee in all of the severed cases, as well as this one, whether or not the case survives threshold review pursuant to 28 U.S.C. § 1915A.  Each case will be separately screened pursuant to § 1915A.  *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (district court may "creat[e] multiple suits" before preliminary review in a misjoinder situation).  Cases are also subject to being transferred, if the Court determines that another venue is more appropriate.

In fact, Plaintiff should be aware that the Court may exercise its authority under Rule 21 to sever unrelated claims against different defendants into separate actions, *regardless* of which option he chooses.  The Court is simply allowing him the first opportunity to decide which claims to pursue in each action before taking this decision out of his hands and, along with it, any control over the additional filing fees he may incur.

Plaintiff shall have thirty-five (35) days from the date of this Order to decide which of these three paths he wishes to take.  He must file a "First Amended Complaint" that refers to this case number by that deadline and sets forth those claims he intends to pursue in this action. Regardless of the path Plaintiff chooses to take, the Court will defer its preliminary review of the pleading pursuant to Section 1915A until it receives the amended complaint.  Finally, if Plaintiff

takes no action in response to this Order or fails to comply with the Order, the Court will dismiss this case under Rule 41(b).

## Pending Motions

**1.      Motion for Service of Process at Government Expense (Doc. 3)**

Plaintiff has filed a motion for service of process at government expense (Doc. 3), which is hereby **DENIED**.  The motion is unnecessary.  The Court will order service, as a matter of course, on any defendant against whom Plaintiff, a pro se litigant who has been granted leave to proceed *in forma pauperis*, states a viable claim in his first amended complaint.

**2.      Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4)**

Plaintiff has also filed a motion for hearing regarding the motion for leave to proceed *in forma pauperis* and motion for service of process at government expense (Doc. 4), which is hereby **DENIED** as **MOOT**.  A hearing on these motions is unnecessary.  The Court already granted Plaintiff's request to proceed as an indigent person in this action, and service will be ordered on the defendants in due course, if Plaintiff states a viable claim against them.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for violating Federal Rules of Civil Procedure 8, 10, 18, and 20.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before September 30, 2015.**  Should Plaintiff fail to file his amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form, "First Amended Complaint," and he should use the case number for *this* action.  The amended complaint shall present each claim in a separate count.  Each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as a brief statement of the actions alleged to have been taken by that Defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors.  He should also address the violations that occurred at different prisons in distinct sections of the complaint, with a request for relief as to those claims set forth immediately thereafter.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  If venue is deemed improper in this judicial district, the Court will transfer the case to the proper judicial district.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the amended complaint.  The amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable,

regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 26, 2015**

*s/J. Phil Gilbert*
**U.S. District Judge**