**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CALVIN MERRITTE, #R-53322, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 15-cv-00794-JPG ) |
| BILLY ROLLA, *et al.*, | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of a Motion for Appointment of Counsel (Doc. 10) and First Amended Complaint filed by Plaintiff Calvin Merritte (Doc. 11). Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 and Illinois state law on July 22, 2015. (Doc. 1). In his original complaint, Plaintiff claimed that he was denied access to the courts during his incarceration at Lawrence Correctional Center ("Lawrence"), Pinckneyville Correctional Center ("Pinckneyville"), and "other" prisons in the Illinois Department of Corrections ("IDOC") from 2013-15. Plaintiff named four known and numerous unknown Pinckneyville officials,[1] seven Lawrence officials,[2] and four supervisory officials[3] for violating his rights under the First, Sixth, and Fourteenth Amendments.

---

[1] These defendants include Thomas Spiller and his successors (head warden), Billy Rolla (law librarian), Dana Prusacki (law librarian), C/O B. Johnson (correctional officer), and various unknown officials (correctional officers, counselors, and grievance officers).

[2] These defendants include Marc Hodge (warden), Steven Duncan (warden), Randy Stevenson (clinical service supervisor), Counselor Ray (counselor), Kevin Horton (counselor), C/O Johnson (correctional officer), and C/O Jenkins (correctional officer).

[3] These defendants include S. A. Godinez, Donald Stolworthy, and Gladyse Taylor (former or current IDOC directors), as well as Jackie Miller (administrative review board member).

After screening the complaint, this Court concluded that it violated Rules 8, 10, 18, and 20 of the Federal Rules of Civil Procedure. On August 26, 2015, the Court entered an order dismissing the complaint. (Doc. 7). However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint on or before September 30, 2015. (*Id.*).

He responded by filing a Motion for Appointment of Counsel on September 4, 2015. (Doc. 10). In the motion, Plaintiff indicated that he was unable to retain an attorney on his own. As proof of his efforts, he provided an unsigned form letter from a law firm that declined to take his case. The letter was dated August 26, 2015. Plaintiff went on to state that he did not understand this Court's dismissal order and therefore could not remedy the problems noted therein by preparing an amended pleading. Further, his lack of access to his legal boxes made it difficult to prepare the amended complaint. (*Id.*).

Before the Court ruled on the motion, Plaintiff filed his amended complaint on September 29, 2015. (Doc. 11). And, with it, he took his case in a whole new direction. Plaintiff named none of the defendants who were named in the original complaint, and he focused on entirely different claims. Instead of the court access claims against Lawrence and Pinckneyville officials for conduct that occurred from 2013-15, Plaintiff's new claims addressed an assault of Plaintiff by his cellmate at Lawrence on August 17, 2014.

### **First Amended Complaint**

The amended complaint shall be dismissed. The pleading does not comply with the Court's instructions for amending the complaint that are set forth in the dismissal order. (Doc. 7). The Court granted Plaintiff leave to file an amended complaint addressing the claims he raised in his original complaint. He was given a second chance to properly plead those

claims. The Court did not grant him the freedom to scrap one lawsuit and file another for a single fee.

Further, the amended complaint, if accepted, would render the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). An amended complaint supersedes and replaces earlier complaints. *Id*. In other words, Plaintiff would lose the ability to pursue his court access claims in this action because he omitted them from the amended complaint.[4]

Plaintiff expressed his clear desire to pursue the court access claims in the Motion for Appointment of Counsel. (Doc. 10). His abandonment of these claims in his amended complaint is therefore perplexing. In light of these considerations, the Court deems it appropriate to dismiss the amended complaint and give Plaintiff another opportunity to prepare an amended complaint that focuses on his court access claims, and any other *related claims against the same defendants*. He is free to pursue the unrelated claims set forth in his amended complaint in a *separate action*.

## Motion for Appointment of Counsel

Plaintiff's Motion for Appointment of Counsel shall be granted. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

---

[4] Plaintiff would then have to bring the court access claims in a separate action. However, because his court access claims date back to 2013, they may be time-barred. The limitations period for a § 1983 claim in Illinois is two years. *O'Gorman v. City of Chicago*, 777 F.3d 885 (7th Cir. 2015) (citing *Moore v. Burge*, 771 F.3d 444, 446 (7 Cir. 2014); *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In contrast, the assault-related claims, which arose in 2014, would still be viable, assuming that Plaintiff files a separate complaint to address those claims before the expiration of the two-year limitations period.

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's attempt(s) to secure attorney representation have failed. Although Plaintiff has considerable experience litigating *pro se* in the federal courts, the circumstances he faces in this particular case are unique. His claims in the original complaint focus entirely on the denial of court access. In his Motion for Appointment of Counsel, he insists that he is unable to prepare an amended complaint addressing these claims because he lacks access to his legal boxes and other materials necessary to do so. The Court deems it appropriate under the circumstances presented to recruit counsel *for the sole purpose of preparing and filing a Second Amended Complaint on Plaintiff's behalf*.

**Disposition**

**IT IS HEREBY ORDERED** that the First Amended Complaint is **DISMISSED** without prejudice for lack of compliance with the Court's dismissal order (Doc. 7). Plaintiff is **GRANTED** leave to file a Second Amended Complaint, with the assistance of counsel,

according to the instructions and deadlines set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel is **GRANTED**. The Court **APPOINTS** Attorney **ANDREW M. LIEFER** of The Law Office of Andrew M. Liefer, Fairview Heights, IL, to represent Plaintiff Calvin Merritte *in this case and in this Court only*. Counsel shall prepare and file a Second Amended Complaint on Plaintiff's behalf that is consistent with this order and the dismissal order entered in this matter on August 26, 2015.[5] (Doc. 7). The Second Amended Complaint **SHALL BE FILED WITHIN TWO MONTHS** of the entry of this order (on or before **March 21, 2016**). Should Plaintiff's counsel fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in the dismissal order (Doc. 7), the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

The **CLERK** is **DIRECTED** to send a copy of the standard letter concerning appointment of counsel to Attorney Liefer immediately.

On or before **February 4, 2016**, Attorney Liefer shall enter his/her appearance in this case. Attorney Liefer is free to share responsibilities with an associate who is also admitted to practice in this district court. However, assigned counsel shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk is **DIRECTED** to transmit this Order, copies of the docket sheet, the complaint (Doc. 1), and the dismissal order (Doc. 7) to Attorney Liefer. The electronic case file

---

[5] The Local Rules of the Southern District of Illinois direct that every member of the bar of this Court "shall be available for appointment by the Court to represent or assist in the representation of those who cannot afford to hire an attorney." SDIL-LR 83.1(i).

is available through the CM/ECF system.

**Plaintiff is advised that the Court will not accept any filings from him individually while he is represented by counsel,** except a pleading that asks that he be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee that the Court will appoint other counsel to represent Plaintiff.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 20, 2016**

*s/J. Phil Gilbert*
**U.S. District Judge**