IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, ) | |
| #R-53322, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00794-SMY |
| ) | |
| BILLY ROLLA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court for consideration is the Second Amended Complaint (Doc. 33) filed on behalf of Plaintiff Calvin Merritte by Attorney Andrew Liefer. Plaintiff is currently incarcerated at Stateville Correctional Center ("Stateville"). He brings this civil rights action pursuant to 42 U.S.C. § 1983. In his Second Amended Complaint, Plaintiff claims that officials at Pinckneyville Correctional Center ("Pinckneyville") and Lawrence Correctional Center ("Lawrence") interfered with his access to the courts in 2014 (Doc. 33, pp. 1-5). He also challenges a policy, custom or practice instituted by high-ranking officials in the Illinois Department of Corrections ("IDOC") that has deprived Plaintiff of access to his legal materials when traveling on court writs (*id*. at 4). In connection with all three claims, Plaintiff seeks monetary damages and injunctive relief (*id*. at 5).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints, including the Second Amended Complaint at issue, to

filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Second Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Second Amended Complaint survives preliminary review under this standard.

## Second Amended Complaint

Plaintiff sets forth three access-to-courts claims in his Second Amended Complaint (Doc. 33, pp. 1-5). The first claim (Count 1) arises from events that occurred at Lawrence in 2014. The second claim (Count 2) arises from events that occurred at Pinckneyville the same year. Finally, the third claim (Count 3) arises from a statewide policy, custom or practice that has allegedly interfered with Plaintiff's access to legal materials repeatedly since 2014. The factual allegations offered in support of each claim are set forth below.

## Count 1

On or around January 14, 2014, Plaintiff was scheduled to attend a hearing in *Merritte v. Templeton, et al.*, No. 12-MR-121, a case that was pending in LaSalle County, Illinois (*id.* at 3). The Court made arrangements for him to appear by telephone. On the date of the hearing, Kevin Horton, C/O Jenkins and several unknown staff members at Lawrence intentionally denied Plaintiff access to equipment that was needed to attend the hearing by phone.

Horton told the Court that Plaintiff chose not to attend the hearing. Plaintiff claims that he was prevented from doing so. Because he did not attend, Plaintiff's "pending motion was denied by the court in the listed cause and Plaintiff suffered actual harm in that he was not allowed to be heard by the court on that matter" (*id.*).

## Count 2

In October 2014, Plaintiff was placed in segregation at Pinckneyville (*id*. at 3-4). While there, Billy Rolla, Dana Prusacki, Thomas Spiller and several other unknown staff members at Pinckneyville denied him access to writing instruments and paper (*id*. at 4). He was also denied access to the prison's law library. As a result, Plaintiff was unable to conduct research for his pending cases and his contemplated litigation. He was also denied access to telephones and could not contact legal counsel or witnesses (*id*.).

**Count 3**

Finally, Plaintiff challenges a policy, custom or practice of the IDOC that regularly deprives him of access to his legal materials (*id*. at 4). When an inmate is required to make a court appearance, the IDOC transfers that inmate to a facility that is close to the hearing location. The inmate is prohibited from bringing any legal materials that are unrelated to the hearing. On a number of occasions, this policy has prevented Plaintiff from bringing "notes, writing instruments, work product, paper and legal documents from cases other than the one that is scheduled" (*id*.). As a result, Plaintiff has repeatedly neglected his "other legal matters" (*id*.). Plaintiff names Donald Stolworthy, Salvador Godinez and Gladyse Taylor in connection with this claim (*id*.).

**Discussion**

In order to proceed with a claim for the denial of court access, a plaintiff must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). *See also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). The plaintiff must also show "some quantum of detriment caused by the challenged conduct of state officials

resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. A prisoner must show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

Based on a liberal construction of the Second Amended Complaint, only Count 1 survives preliminary review under this standard. The allegations suggest that Plaintiff suffered "actual prejudice" to specific litigation when he was prevented from attending a hearing in his pending legal matter. Whether the prejudice was "substantial" remains to be seen. At this stage however, the Court will allow Plaintiff to proceed with Count 1 against Defendants Horton, Jenkins and the unknown staff members who prevented Plaintiff from attending his hearing by phone at Lawrence on January 14, 2014.

Count 2 does not survive screening. Plaintiff vaguely alludes to the fact that his placement in segregation at Pinckneyville in October 2014 prevented him from accessing legal materials, the law library, and the telephone. He does not indicate how long the deprivation lasted. He also identifies no specific litigation that was impacted. Plaintiff has simply not shown any prejudice to specific litigation and therefore states no claim against the Pinckneyville defendants. Accordingly, Count 2 shall be dismissed with prejudice against Defendants Rolla, Prusacki, Spiller and the unknown staff members named in connection with this claim.

Count 3 shall be dismissed for similar reasons. Plaintiff generally challenges an IDOC policy that deprives inmates of access to their legal documents and materials when traveling on a court writ. Plaintiff alludes to the fact that this policy has caused him to "neglect" certain cases. However, he mentions no specific litigation that was prejudiced because of the policy.

Accordingly, Count 3 shall be dismissed with prejudice against Defendants Stolworthy Godinez and Taylor.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against the unknown staff members at Lawrence who prevented him from attending his court hearing on January 14, 2014. However, these parties must be identified with particularity before service of the Second Amended Complaint can be made on them. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim against them, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Servs.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, several co-workers of the unknown defendants are already named in this action, and they shall promptly respond to discovery, informal or otherwise, aimed at identifying the unknown defendants by name. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Second Amended Complaint.

### Disposition

The Clerk is **DIRECTED** to reinstate **C/O JENKINS** as a defendant in this action by adding this party's name to the docket sheet in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** with prejudice against Defendants **THOMAS SPILLER, BILLY ROLLA, DANA PRUSACKI,** and **UNKNOWN STAFF MEMBERS** at Pinckneyville Correctional Center because the Second Amended

Complaint fails to state a claim against them upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED** with prejudice against Defendants **DONALD STOLWORTHY, SALVADOR GODINEZ,** and **GLADYSE TAYLOR** because the Second Amended Complaint also fails to state a claim for relief against them.

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendants **KEVIN HORTON, C/O JENKINS,** and **UNKNOWN STAFF MEMBERS** at Lawrence Correctional Center who denied Plaintiff access to the court on January 14, 2014. With regard to **COUNT 1,** the Clerk of Court shall prepare for Defendants **KEVIN HORTON, C/O JENKINS,** and **UNKNOWN STAFF MEMBERS** at Lawrence (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 33), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Staff Members at Lawrence who were allegedly involved in the denial of phone access on January 14, 2014, until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a plan for discovery aimed at properly identifying the unknown defendants, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**
